

**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
www.dlapiper.com

Jessica C. Wilson
jessica.wilson@dlapiper.com
T  617.406.6044
F  617.406.6144

August 17, 2020
**VIA ECF**

> The stay is lifted. The Motion to Dismiss is restored.
> SO ORDERED.
>                                    /s/ John G. Koeltl
> New York, NY              John G. Koeltl
> August 18, 2020              U.S.D.J.

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    ***Jeffrey and Nora Krulewich v. Covidien, Inc.*, No. 1:19-cv-02857 (JGK)**

Dear Judge Koeltl:

      Defendant Covidien LP respectfully submits this letter notifying the Court of the decision of the Judicial Panel on Multidistrict Litigation (JPML) denying Covidien's Motion to Transfer, attached hereto as Exhibit A ("JPML Order").  Covidien further requests that the Court lift the stay issued on June 19, 2020 (ECF No. 31) and renew Covidien's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 26).

      On February 7, 2020, Covidien moved to dismiss Plaintiffs' Second Amended Complaint (ECF No. 26).  On February 21, 2020, Plaintiffs filed their opposition to Covidien's motion (ECF No. 27).  Covidien filed its reply in support of its motion on February 28, 2020 (ECF No. 28).  On June 19, 2020, the parties asked the Court to stay proceedings in this case pending the JPML's decision on whether to coordinate this case with eleven other pending federal actions related to the use of Covidien's hernia mesh products. (ECF No. 30).  That same day, the Court granted the joint motion to stay (ECF No. 31).

      On August 7, 2020, the JPML denied Covidien's motion for transfer and declined to create a federal coordinated proceeding "at this time," but did so without prejudice to Covidien's ability to seek a federal coordinated proceeding in the future.  *See* JPML Order at 2.  In denying transfer, the JPML emphasized that "there are alternatives to centralization available to minimize any duplication in pretrial proceedings, including informal cooperation and coordination of these actions" and "[t]he presence of common counsel should facilitate information coordination."  *Id*. at 3 (citations omitted).  The present action is one of four actions filed in the Southern District of



Hon. John G. Koeltl
August 17, 2020

New York asserting similar claims and with common counsel. Accordingly, the parties are exploring options for possible informal coordination.

As the JPML petition is no longer pending, the parties jointly and respectfully request that the Court lift the stay and renew Covidien's motion to dismiss.

    Respectfully submitted,

    /s/ Jessica C. Wilson

    Jessica C. Wilson
    *Attorney for Defendant Covidien LP*

Enclosures

cc:    Alexandra Colella, Marc J. Bern & Partners (w/ encls.)
       Debra Humphrey, Marc J. Bern & Partners (w/ encls.)
       Loren H. Brown
       Lucas P. Przymusinski

# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COVIDIEN HERNIA MESH
PRODUCTS LIABILITY LITIGATION                              MDL No. 2953

ORDER DENYING TRANSFER

**Before the Panel**:[*] Defendants[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of New York. This litigation consists of twelve actions in nine districts, as listed on Schedule A.

Plaintiffs in the Western District of New York *Black* action oppose centralization, and plaintiffs in the Southern District of New York and District of New Jersey actions filed a joinder to the *Black* plaintiffs' response.[2] Plaintiffs in the Central District of California and Northern District of California actions do not oppose centralization. All responding plaintiffs argue that, should the Panel grant centralization, the appropriate transferee district is the District of Massachusetts.[3]

After considering the arguments of counsel,[4] we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct

---

[*]     Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]     Covidien LP, Covidien Holding Inc., Covidien, Inc., Covidien plc, Tyco Healthcare Group, Tyco International, Sofradim Productions SAS, Medtronic, Inc., and Medtronic USA, Inc. (together, Covidien).

[2]     Defendants are under the impression that the New York and New Jersey plaintiffs' joinder adopted only the *Black* plaintiffs' arguments regarding the appropriate transferee district and Section 1404 transfer. We disagree with that interpretation, as the joinder was filed as a "Response (Joinder) In Opposition" and clearly states it "joins in the relief and arguments set forth" in the *Black* plaintiffs' response.

[3]     Plaintiffs in the Eastern District of Louisiana *Singletary* action did not respond to the motion but filed a Notice of Waiver of Oral Argument that stated they support centralization in the District of Massachusetts.

[4]     In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel considered without oral argument all matters considered at its hearing session of July 30, 2020, pursuant to Panel Rule 11.1(c). *See* Order Dispensing with Oral Argument in All Dockets, MDL No. 2953 (J.P.M.L. Jul. 15, 2020), ECF No. 36.

-2-

of this litigation at this time. The actions share allegations that defects in defendants' hernia mesh products can lead to complications. Centralization thus likely would avoid a certain amount of duplicative discovery, eliminate the possibility of conflicting rulings on the scope of discovery and other pretrial matters, and create some efficiencies for the parties and the judiciary. But where, as here, "only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re Hyundai and Kia GDI Engine Mktg., Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1341, 1343 (J.P.M.L. 2019). We are not persuaded under the present circumstances that the benefits of centralization outweigh the disruption to the pending actions, some of which have been pending in federal court for two or three years.

Defendants rely upon our previous decisions in other hernia mesh litigations[5] to argue that centralization is appropriate here. A grant of centralization though does not guarantee that we will find centralization appropriate in another litigation alleging similar claims, and the Panel makes each of its decisions based on the circumstances presented by a particular litigation at the time.[6] Defendants also rely upon the history of those three MDLs in arguing that the federal cases alleging defects in Covidien hernia mesh products will "balloon." But the Panel has been "disinclined to take into account the mere possibility of future filings in [its] centralization calculus." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013). And we are not persuaded that the number of cases filed in or removed to federal court will substantially increase here. Defendants argue that plaintiffs' counsel have been asserting in national advertisements that Covidien hernia mesh products are defective, and they cite to hernia mesh legal conferences that included sessions on Covidien hernia mesh products. But some of this activity has been ongoing for at least three years, and we are presented with just twelve cases today. The parties represent that more than 150 cases are now pending, but almost all have been filed in state court, and most of those in Covidien LP's home state of Massachusetts.

Defendants argue that centralization will avoid inconsistent rulings, particularly on motions to dismiss. We find this argument unconvincing here because the courts in most actions before the Panel already have ruled on motions to dismiss.

In these circumstances, we are of the view that there are alternatives to centralization available to minimize any duplication in pretrial proceedings, including informal cooperation and

---

[5] *See In re Atrium Medical Corp. C-Qur Mesh Prods. Liab. Litig.*, 223 F. Supp. 3d 1355 (J.P.M.L. 2016); *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 254 F. Supp. 3d 1381 (J.P.M.L. 2017); *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 316 F. Supp. 3d 1380 (J.P.M.L. 2018).

[6] *Cf. In re Webloyalty.com, Inc., Mktg. & Sales Practices Litig. (No. II)*, 768 F. Supp. 2d 1365 (J.P.M.L. 2011) (denying centralization even though similar claims were the subject of an earlier, closed MDL, the common defendant moved for centralization, and no defendant opposed centralization, because the motion encompassed only two actions and the factual questions at issue were not "sufficiently complex or numerous to justify Section 1407 transfer").

-3-

coordination of these actions. *See In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("centralization under Section 1407 should be the last solution after considered review of all other options"). The presence of common counsel here should facilitate informal coordination of this relatively small number of actions. *See In re Cymbalta (Duloxetine) Prods. Liab. Litig.*, 65 F. Supp. 3d 1393, 1394 (J.P.M.L. 2014). Plaintiffs in five of the twelve actions before the Panel are represented by the same law firm, and plaintiffs in another two actions also share counsel. Defendants are represented by the same law firm in nine of the actions.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor          Catherine D. Perry
Matthew F. Kennelly       Nathaniel M. Gorton
David C. Norton

IN RE: COVIDIEN HERNIA MESH
PRODUCTS LIABILITY LITIGATION                                           MDL No. 2953

## SCHEDULE A

<u>Central District of California</u>

NORTHRUP v. COVIDIEN, LP., ET AL., C.A. No. 5:20-00355

<u>Northern District of California</u>

JORDEN v. COVIDIEN, LP., ET AL., C.A. No. 3:19-05709

<u>Southern District of Florida</u>

DYE v. COVIDIEN LP, C.A. No. 0:18-61485

<u>Eastern District of Louisiana</u>

SINGLETARY, ET AL. v. COVIDIEN LP, ET AL., C.A. No. 2:19-13108

<u>District of Massachusetts</u>

MONROE v. MEDTRONIC, INC., ET AL., C.A. No. 1:20-10144

<u>Southern District of Mississippi</u>

OLIVER v. COVIDIEN SALES LLC, ET AL., C.A. No. 3:19-00795

<u>District of New Jersey</u>

SMITH v. COVIDIEN LP, C.A. No. 1:19-11981

<u>Southern District of New York</u>

GREEN v. COVIDIEN LP, C.A. No. 1:18-02939
DUNHAM, ET AL. v. COVIDIEN LP, C.A. No. 1:19-02851
DUNHAM v. COVIDIEN LP, C.A. No. 1:19-02855
KRULEWICH, ET AL. v. COVIDIEN LP, C.A. No. 1:19-02857

<u>Western District of New York</u>

BLACK, ET AL. v. COVIDIEN, PLC, ET AL., C.A. No. 6:17-06085